UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED  -PS-O-

2008 JUN 11 PM 12:56

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

JAMES KARO,

      Plaintiff,

      -v-

D.F. NAPOLI, K. WALSH, P. CHAPPIUS, B. SYKORA,
D. DELAURO, J. COLLINS, R. MCCRACKEN,
D. SULLIVAN, A. BRIDGE, D. HOLTON, M. SHEAHAN,
J. SHOPE and J. COLVIN,

      Defendants.

DECISION AND ORDER
08-CV-0007F

## INTRODUCTION

Plaintiff, James Karo, an inmate of the Five Points Correctional Facility, who was formerly an inmate of the Southport Correctional Facility, initially filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 7, Part 2) in the United States District Court for Northern District of New York. The Northern District then transferred the instant action to this Court pursuant to 28 U.S.C. § 1404(a). (Docket No. 7, Part 1). Plaintiff has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 7, Parts 4 and 5). Plaintiff's complaint, which to a large degree is unintelligible and confusing, appears to claim, in part, that the defendants, various correctional officials and employees at Southport, failed to follow proper procedures when filing misbehavior reports against him on May 11, July 16 and November 6, 2007, which then led to some unspecified violations of his due process rights. Plaintiff may also be claiming that at some point various correctional employees, some who are named as defendants and some who are not so named, used excessive force against him or had no evidence upon which to

issue a misbehavior report against him based on said incident. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only "give the defendant fair notice of what the...claim is and the grounds upon which it rests."" *Erickson v. Pardus*, --- U.S. ----, ----,127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1959 (2007)) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."

*Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), because they fail to state a claim upon which relief may be granted unless plaintiff files an amended complaint as directed below.

### A. PLAINTIFF'S CLAIMS

As noted, plaintiff's complaint is largely disorganized and unintelligible, and construing it as liberally as possible the Court believes, but cannot be certain, that plaintiff may be attempting to allege that the defendants violated his rights to due process when they filed misbehavior reports against him that did not comply with the procedures for filing such reports and that some of the defendants used excessive force against him. To the extent plaintiff's claims may rest on the filing of false or inaccurate misbehavior reports said claims must be dismissed because the filing of a false misbehavior report does not support a claim of a constitutional violation. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"); *Husbands v. McClellan*, 957 F. Supp. 403 (W.D.N.Y. 1997). However, because the complaint is largely unintelligible and the Court is having difficulty in determining precisely what claims plaintiff may be attempting to allege, plaintiff will be provided an opportunity to file an amended complaint in which he must set forth in short and plain statements the facts upon which his claims are based. See Fed.R.Civ.P. 8(a)(2) and (e)(1).

Plaintiff's amended complaint must: **(1) contain a caption that clearly identifies, by name and position or title, if known, each individual that plaintiff is suing in the present lawsuit; (2) contain separately numbered paragraphs which shall specify, (i) the alleged act or acts of misconduct, (ii) the date on which such act or acts of misconduct occurred, (iii) the name of each individual who participated in such misconduct, and (iv) the connection or nexus between the alleged misconduct and plaintiff's constitutional rights; (3) contain facts which, if proven, would establish that the defendants were personally involved in the alleged constitutional violations; and (4) contain facts which indicate how plaintiff was harmed by the alleged misconduct.** Again, plaintiff must name the individuals whom he seeks to include as defendants in this action in both the caption and the body of the amended complaint.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **July 7, 2008** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's

amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

### **ORDER**

IT HEREBY IS ORDERED, that plaintiff's motion to proceed in forma pauperis is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **July 7, 2008**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **July 7, 2008**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **July 7, 2008**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **July 7, 2008**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   June  9  , 2008
         Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge